*Nicholas Brown* v. *John C. Brown et al.* T. W. TUCKER and S. A. CRAPO, for defendant; C. O'CONOR, for respondents. Appeal from a decretal order of the vice chancellor of the first circuit allowing the demurrer of three of the defendants and dismissing the bill, as to them, with costs.

Legatees of a foreign testator; their rights as to property in this state. The chancellor decided that where stocks are held in this state by a citizen of another state, at the time of his death, and who dies in that state, leaving a will executed there, the remedy of his residuary legatee, if he wishes to obtain the proceeds of such stocks and the dividends accrued thereon, after the debts and general legacies of the testator have been paid, is to cite the executors to prove the will and take out letters testamentary thereon in this state; and if they

neglect to do so, to have himself, or some other person, appointed administrator with the will annexed, here.

That if this court has general jurisdiction to call executors or administrators appointed in another state or country to account and pay over the proceeds of the property of the decedent to those who are entitled to it by the law of his domicil, the fact that a single item of the personal property is situated within one of the chancery circuits of this state will not give to the vice chancellor of that circuit jurisdiction of the cause. *Jurisdiction of vice chancellors' as respects the locality of the subject matter.*

That to give a vice chancellor jurisdiction of a case on the ground that the subject matter in controversy is within his circuit, it is not sufficient that a small part of that subject matter is there. That so much at least of the subject matter in controversy between the parties must be situate within the circuit as to enable the vice chancellor to make a decree which will do substantial justice between the parties with respect to the subject in controversy as to which his jurisdiction extends. And that where that cannot be done, the bill must be filed before the chancellor, who has general jurisdiction, or before some vice chancellor who, by reason of the residence of the defendants in his circuit, or otherwise, has jurisdiction to make a decree relative to the whole matter.

That where this court interferes in special cares, to protect the rights of creditors or legatees of a testator who was domiciled abroad, in the personal property which is found in this state, and which is in danger of being lost or squandered before a proper representative can be appointed here to protect it, it is upon the ground that whenever there is a right there ought to be a remedy either in this or in some other tribunal. And that where no remedy to enforce the right exists elsewhere, this court will furnish such remedy whenever it is necessary to prevent a total failure of justice where the property in controversy, or the person of the wrong doer is within the jurisdiction and control of the court. *Jurisdiction of chancery to protect rights of creditors or legatees of a testator domiciled abroad.*

Decretal order appealed from, affirmed with costs.